UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---------------------------------------------------------------------------x
UNITED STATES OF AMERICA, :
*EX REL.* ADVOCATES FOR BASIC LEGAL EQUALITY, INC. : Case No. 3:13 CV 704
: Judge Zouhary
Plaintiff, : Magistrate Judge Armstrong
:
- against - :
:
: **DEFENDANT'S**
U.S. BANK, N.A., : **OPPOSITION TO MOTION**
: **FOR LEAVE TO FILE**
Defendant. : **SURREPLY**
---------------------------------------------------------------------------x

        BUCKLEYSANDLER LLP
        Andrew W. Schilling (admitted *pro hac vice*)
        Benjamin B. Klubes (admitted *pro hac vice*)
        Caitlin M. Kasmar (admitted *pro hac vice*)
        1250 24th Street NW, Suite 700
        Washington, DC 20037
        Telephone: (202) 349-8000
        Facsimile: (202) 349-8080
        aschilling@buckleysandler.com
        bklubes@buckleysandler.com
        ckasmar@buckleysandler.com

        VORYS, SATER, SEYMOUR AND PEASE LLP
        William G. Porter (0017296)
        William A. Sieck (0071813)
        52 East Gay Street
        Columbus, OH 43215
        Telephone: (614) 464-5406
        Facsimile: (614) 719-5299
        wgporter@vorys.com
        wasieck@vorys.com

        *Counsel for Defendant*
        *U.S. Bank National Association*

Defendant U.S. Bank National Association ("U.S. Bank" or the "Bank") respectfully submits this memorandum of law in opposition to relator's motion for leave to file a surreply.

## ARGUMENT

Leave to file a surreply should be denied.  "Neither the Federal Rules of Civil Procedure, nor the Northern District of Ohio's Local Rules, provide for a surreply brief as a matter of course."  *In re Steinle*, 835 F. Supp. 2d 437, 443 (N.D. Ohio 2011) (citing LR 7.1; *Uszak v. Yellow Transp., Inc.*, No. 1:06CV837, 2007 WL 1746253, at *1 (N.D. Ohio June 15, 2007)).  "As many courts have observed, surreplies 'are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'"  *Minor v. Donahoe*, No. 1:12-CV-1634, 2013 WL 5428718, at *5 n.3 (N.D. Ohio Sept. 26, 2013) (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)).  Accordingly, "[t]he court generally grants leave to file a post-reply brief only in extraordinary circumstances after a showing of good cause."  *Id.* (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999)).  Relator has not demonstrated good cause here.

First, relator argues that it is entitled to file a surreply because U.S. Bank purportedly cited cases in its reply brief that were "superseded" by the 2009 amendments to the False Claims Act.  Mot. for Leave to File Surreply in Opp'n to Def.'s Mot. to Dismiss ("Mot.") at 1.  Even if that were a proper basis for a surreply (it is not), relator's characterization of the law is demonstrably wrong.  While the 2009 amendments to the False Claims Act ("FCA") defined the term "obligation" in the FCA to include a duty to pay that is not "fixed," it remains the law after 2009 that the requisite "obligation" must be an "established duty" to pay that existed prior to the alleged false statement.  Accordingly, even after the 2009 FCA amendments, reverse false claims liability does not reach contingent civil penalties that have not been imposed, and may never be imposed.  *See, e.g.*, *U.S. ex rel. Booker v. Pfizer, Inc.*, 9 F. Supp. 3d 34, 48 n.7, 50 (D. Mass.

2014) (expressly applying amended FCA and dismissing reverse FCA claim: "The discretion retained by the OIG here is thus the discretion whether to *impose* a penalty and thereby *create* an obligation to pay, rather than the discretion to *enforce* an *existing* obligation to pay the government.") (emphasis in original).

On this point, relator selectively cites the legislative history of the 2009 FCA amendments to argue that Congress intended to expand the reverse false claims provision to reach "contingent" liabilities. But the legislative history in fact supports the opposite conclusion. Although an earlier version of the amended definition of the term "obligation" would have explicitly included "contingent" duties, that reference to "contingent" duties was actually *stricken* from the final bill – *precisely* to avoid expanding the scope of the reverse false claims provision to capture "contingent" penalties. As Senator Kyl explained:

> The original language spoke of "contingent" obligations. Such contingent or potential duties could include duties to pay penalties or fines, which could arise– and at least become contingent–as soon as the conduct that is the basis for the fine has occurred.
>
> Obviously, we don't want the Government or anyone else suing under the False Claims Act to treble and enforce a fine before the duty to pay that fine has been formally established. It is unlikely that Justice would ever have brought suit to enforce a claim of this nature, but the FCA can also be enforced by private relators who often may be motivated by personal gain and not always exercise the same good judgment that the Government usually does.
>
> To preclude such a reading of the act, my amendment strikes contingent obligations from the FCA's new definition of "obligation."

155 Cong. Rec. S4,539 (daily ed. Apr. 22, 2009) (statement of Sen. Jon Kyl). *See generally* John T. Boese, Civil False Claims and *Qui Tam* Actions § 2.01[L], at 2-83 (4th ed. & Supp. 2014-1) ("'Contingent' duties were specifically stricken from the legislation prior to its passage in the Senate because their inclusion could have been interpreted to include penalties or fines."). Relator's argument that the FCA, as amended, now "explicitly" covers obligations to pay

2

penalties that are "contingent" on "discretionary enforcement action" (Mot. Ex. A, at 3) is therefore demonstrably incorrect and directly at odds with the actual intent of Congress.

The Senate Report cited by relator is not to the contrary. Rather, the Senate Report expressed disagreement only with the Sixth Circuit's statement in *American Textile* that the term "obligation" did not reach the mandatory *ad valorem* customs duties at issue in that case. *See* S. Rep. No. 111-10, at 14 n.10 (2009) ("[T]he Committee believes that customs duties clearly fall within the new definition of the term 'obligation' . . . ."). The Senate Report did not speak to the issue of "contingent" civil penalties at all, and it certainly cannot be read to support the conclusion that Congress overturned the long line of cases holding that discretionary civil penalties are not within the scope of the reverse false claims provision. Not surprisingly, then, courts have continued after the 2009 FCA amendments to cite *American Textile* and the line of cases cited in the Bank's brief as good law. *See*, *e.g.*, *U.S. ex rel. Schaengold v. Mem'l Health, Inc.*, No. 4:11-cv-58, 2014 WL 6908856, at *16-17 (S.D. Ga. 2014) (applying amended FCA and continuing to recognize *American Textile*, *Bain*, and other cases holding that reverse false claims provision does not include penalties that have not yet been levied); *U.S. ex rel. Potra v. Jacobson Cos., Inc.*, No. 1:12-cv-01600-WSD, 2014 WL 1275501, at *2 (N.D. Ga. 2014) (post-amendment case citing *American Textile* and dismissing reverse false claims based on alleged avoidance of "potential fines"); *U.S. ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 812 (E.D. La. 2009) (post-amendment case citing *Bain* and dismissing reverse false claim based on contingent fines or penalties that have not yet been assessed).

Second, relator argues that a surreply should be allowed to address the Bank's "new" arguments with respect to HUD's authority to impose administrative remedies. Mot. at 1-2. In fact, the Bank made those very same arguments, and cited many of the same cases, in its opening

brief.  *See* U.S. Bank Br. at 13 ("HUD regulations recognize that instances of non-compliance with its complex regulations will occur from time to time, and HUD provides an administrative mechanism to police and remedy those violations."); *see also id.* at 13-14 ("The FCA was not designed as a vehicle to enforce each of the myriad of HUD rules, regulations, and requirements.") (citing and quoting in parentheticals *U.S. ex rel. Hobbs v. Medquest Assocs.*, 711 F.3d 707, 717 (6th Cir. 2013) ("The bluntness of the FCA's hefty fines and penalties makes them an inappropriate tool for ensuring compliance with technical and local program requirements.") (alterations omitted) and *U.S. ex rel. Williams v. Renal Care Grp., Inc.*, 696 F.3d 518, 532 (6th Cir. 2012) ("The False Claims Act is not a vehicle to police technical compliance with complex federal regulations.")).  Relator, therefore, is simply seeking the "last word" on the subject, and a surreply is not available for that purpose.

## CONCLUSION

For the foregoing reasons, the Court should deny relator's request for leave to file a surreply.

                Respectfully submitted,

                BUCKLEYSANDLER LLP

                /s/ Andrew W. Schilling by /s/ William A. Sieck
                Andrew W. Schilling (admitted *pro hac vice*)
                Benjamin B. Klubes (admitted *pro hac vice*)
                Caitlin M. Kasmar (admitted *pro hac vice*)
                1250 24th Street NW, Suite 700
                Washington, DC 20037
                Telephone: (202) 349-8000
                Facsimile: (202) 349-8080
                aschilling@buckleysandler.com
                bklubes@buckleysandler.com
                ckasmar@buckleysandler.com

                                                              V<small>ORYS</small>, S<small>ATER</small>, S<small>EYMOUR AND</small> P<small>EASE</small> LLP
                                                              William G. Porter (0017296)
                                                              William A. Sieck (0071813)
                                                              52 East Gay Street
                                                              Columbus, OH 43215
                                                              Telephone: (614) 464-5406
                                                              Facsimile: (614) 719-5299
                                                              wgporter@vorys.com
                                                              wasieck@vorys.com

                                                             *Counsel for Defendant*
                                                             *U.S. Bank National Association*

**LOCAL RULE 7.1(f) CERTIFICATION**

I certify that this case has been designated for the Complex Track (Doc. 21 ¶ 3) and that the foregoing Memorandum is less than fifteen pages and adheres to the page limitations set forth in Local Rule 7.1(f).

/s/ William A. Sieck
VORYS, SATER, SEYMOUR AND PEASE LLP
William G. Porter (0017296)
William A. Sieck (0071813)
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5406
Facsimile: (614) 719-5299
wgporter@vorys.com
wasieck@vorys.com

*Counsel for Defendant*
*U.S. Bank National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document has been filed electronically and served upon all parties of record registered through the court's electronic service system this 17th day of February, 2015.

/s/ William A. Sieck
VORYS, SATER, SEYMOUR AND PEASE LLP
William G. Porter (0017296)
William A. Sieck (0071813)
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5406
Facsimile: (614) 719-5299
wgporter@vorys.com
wasieck@vorys.com

*Counsel for Defendant*
*U.S. Bank National Association*